UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Moses Anderson, # 170797, ) | C/A No. 4:13-1571-GRA-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Warden John Pate; Lietuenant Virginia Black; Corporal Anne ) | |
| Jamsion; Nurse Helen Ross; Doctor Thomas Bryne; ) | |
| Grievance Coordinator Pamela Smith; and Marilyn Smart, ) | |
| ) | |
| Defendants. ) | |

Willie Moses Anderson ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed his civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner currently housed at the Evans Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), D.S.C., the undersigned is authorized to review prisoner civil rights complaints and submit findings and recommendations to the assigned District Judge. For the reasons that follow, it is recommended that the complaint be dismissed for failure to state a claim on which relief may be granted.

**STANDARD OF REVIEW**

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, upon the court's finding of *in forma pauperis* status. To protect against possible abuses of this privilege, the statute requires a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2)(B)(i-iii).  The same standard is applied to a complaint filed by a prisoner, which "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

A pro se litigant's complaint is held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).  A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a federal claim.  *Weller v. Dep't. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).  Even liberally construed, the complaint filed in this case is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## BACKGROUND

Plaintiff files this civil rights action claiming denial of medical treatment by SCDC correctional officers and medical staff during his incarceration at Allendale Correctional Institution in December of 2011. ECF No. 1 at 4-7.  Plaintiff states that he had an order to report ("OTR") to medical on December 6, 2011, to see a doctor concerning persistent leg pain. Plaintiff alleges that upon his arrival at medical he presented his OTR to Defendant Jamison, and after review of the OTR by Defendants Jamison, Black and Ross, he was denied medical care. He asserts that he was not allowed to see the doctor, but was ordered back to his unit.  The complaint, along with the attached inmate grievance papers, indicate that Plaintiff wrote something inappropriate to one of the nurses on his OTR which was the basis for the refusal of

2

treatment at the time he presented the OTR on December 6, 2011. Plaintiff acknowledges that he was seen by a doctor, Defendant Bryne, six days later on December 12, 2011. Although Plaintiff names Dr. Bryne as a defendant, the complaint does not contain allegations that Dr. Bryne denied Plaintiff medical care.

The complaint and attachments indicate Plaintiff pursued administrative remedies through SCDC's inmate grievance process and Plaintiff names Warden Pate's involvement in that process, but no specific allegations are made against Warden Pate. Additionally, Plaintiff includes Grievance Coordinator Pamela Smith and Marilyn Smart on the list of defendants, but these two individuals are not mentioned anywhere else in the complaint. Plaintiff states that he is suing "each defendants involve for money damages" and specifically names Defendants Black, Jamison, Ross, Byrne and Pate. ECF No. 1 at 8. He also seeks injunctive relief.

## DISCUSSION

This action is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Plaintiff must allege two essential elements to state a claim under § 1983: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint does not present a plausible claim for violation of a federal right based on Plaintiff's allegations that the defendants denied

3

him medical treatment.  "[D]eliberate indifference to serious medical needs of a prisoner constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)[citation omitted].  Plaintiff's allegations, however, do not establish a serious medical condition or the required deliberate indifference of the defendants.

A serious medical condition "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).  Plaintiff identifies his medical need in the statement that his OTR was "to see the doctor concern my leg cause it was hurting me a while now." ECF No. 1 at 4.  Plaintiff also alleges that "[a]fter I had seen Dr. Byrne he asked me do I want to go to Kirkland and do a x-ray." ECF No. 1 at 6 - 7.  These two statements, the only allegations concerning the medical condition for which Plaintiff claims denial of treatment, are insufficient to support a claim based on a serious medical need.  No additional information is alleged to establish the serious nature of Plaintiff's medical condition.  The complaint contains no allegations concerning mandated treatment that was denied, or an easily recognizable medical condition obviously requiring immediate medical treatment.  The complaint fails to assert a serious medical need on which to base a federal claim.

Additionally, the complaint fails to establish the required deliberate indifference of the defendants.  *See Estelle v. Gamble*, 429 U.S. at 104.  Plaintiff complains that the defendants caused a six day delay in seeing a doctor for treatment of leg pain.  Delay in providing necessary treatment for a serious medical need can support an assertion of deliberate indifference.  *See*

*Smith v. Smith*, 589 F.3d 736, 738-39 (4th Cir. 2009) (finding claim of delay in administering prescribed medical treatment stated an Eighth Amendment claim).  Plaintiff, however, does not allege the defendants knew of and disregarded a risk of harm to Plaintiff because of the six day delay in seeing the doctor.  Although the Supreme Court determined that the "deliberate indifference to serious medical needs" was unconstitutional, the Court also decreed that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.  *See Estelle v. Gamble*, 429 U.S. at 105-06.  The allegations of the complaint and attachments indicate Defendants Jamison, Black and Ross sent Plaintiff back to his unit prior to seeing the doctor because of a disciplinary issue.  The complaint does not show that the defendants ignored and delayed medically necessary treatment for a known or obviously serious medical condition, or were otherwise deliberately indifferent in their response to Plaintiff's medical needs.

Plaintiff's claim for the violation of his "constitution[al] rights to medical care" (ECF No. 1 at 7), based on factual allegations of a six day delay in seeing a doctor about ongoing pain in his leg, is insufficient to state a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  The complaint must contain sufficient factual assertions, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint fails to establish a serious medical need based on the allegations of leg pain, and fails to establish the deliberate indifference of the Defendants based on a six day delay in seeing a doctor.  On it's face, the complaint does not  establish the violation of a federal right, so the complaint fails to state a claim under 42 U.S.C. § 1983.  Accordingly, the complaint should be dismissed under 28

U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

## RECOMMENDATION

Based on the foregoing, it is recommended that the District Judge dismiss this case *without prejudice* for failure to state a claim on which relief may be granted.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

November 12, 2013  
Florence, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).