IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Willie Moses Anderson, #170797 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:13-cv-1571-RBH |
| | ) | |
| Warden John Pate; Lieutenant Virginia Black; Corporal Anne Jamsion; Nurse Helen Ross; Doctor Thomas Byrne; Grievance Coordinator Pamela Smith; and Marilyn Smart, | ) ) ) ) ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Willie Moses Anderson, #170797 ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action alleging violations of his constitutional rights, and seeking damages, declaratory relief, and injunctive relief. *See* Compl., ECF No. 1 at 8. The matter is now before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Thomas E. Rogers, III.[1] In the R & R, the Magistrate Judge recommends that the Court dismiss Plaintiff's action *without prejudice* and without issuance and service of process for failure to state a claim against Defendants. *See* R & R, ECF No. 17 at 6.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff filed this action on June 11, 2013, alleging that the named Defendants violated his constitutional rights by denying him medical treatment and medical care.[2] *See* ECF No. 1 at 2, 4–5. Accordingly, he seeks $25,000 in monetary damages from each defendant and injunctive relief. *See id.* at 8. The Magistrate Judge issued his R & R on November 12, 2013, recommending that the Court dismiss Plaintiff's complaint without prejudice for failure to state a claim. *See* ECF No. 17 at 6. Plaintiff timely filed objections to the R & R on December 2, 2013. *See* Pl.'s Objections, ECF No. 20.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

---

[2] Because the facts are adequately stated in the Magistrate Judge's R & R, which the Court adopts, the Court need not elaborate on them further.

**DISCUSSION**

The Magistrate Judge recommends dismissing Plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted. The Magistrate Judge notes that Plaintiff states a claim under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need. *See* ECF No. 17 at 1–2. The Magistrate Judge recommends the Court find that Plaintiff's factual allegations do not adequately set forth a claim for deliberate indifference. *Id.* at 3–4. In particular, the Magistrate Judge recommends finding that the Plaintiff does not allege facts establishing a serious medical condition or the required deliberate indifference of Defendants. *Id.* at 4–6.

Plaintiff's objections are predominately irrelevant repetitions of the facts and recitations of the general law governing claims by prisoners against prison officials and medical personnel. *See generally* ECF No. 20. Plaintiff's objections fail to address the Magistrate Judge's finding that he failed to set forth sufficient facts to state a claim, aside from the bald assertion that "no I did state a claim against all defendants in my complaint." *Id.* at 1. The only other relevant assertion which could be construed as an objection was Plaintiff's claim that "if a doctor say you need treatment on your need in [unintelligible] then it is probably a severe medical need." *Id.* at 7–8.

The Court may only consider objections to the R & R that direct it to a specific error in the Magistrate Judge's R & R. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn. 1–3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199. For the most part, Plaintiff's objections to not point the

Court to any specific error of the Magistrate Judge. However, out of an abundance of caution, the Court reiterates, after a review of Plaintiff's pleadings, that he fails to allege sufficient factual assertions, which if accepted as true, would state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court agrees with the Magistrate Judge's analysis in the R & R and adopts it as its own. *See* ECF No. 17 at 3–6.

As previously noted, Plaintiff's only relevant objection asserts that, because he had an order to report to medical, his condition was "probably a severe medical need." ECF No. 20 at 7–8. The Fourth Circuit defines a serious medical need as "one that has been *diagnosed* by a physician as *mandating* treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreye*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)) (emphasis added); *cf. Givens v. Jones*, 900 F.2d 1229, (8th Cir. 1990) ("Without any allegation that the defendants ignored an acute or escalating situation involving a serious medical condition, we cannot conclude that a one-month delay in providing treatment for leg pain clearly amounted to deliberate indifference to a serious medical need."). Plaintiff's complaint generally alleges that he had an order to report ("OTR") to medical and that he wrote something highly inappropriate on the OTR about Nurse Atkinson, and instated of him being seen, he was sent back to his housing unit and not seen until six days later. He was charged and convicted at an administrative hearing. He does not claim that any doctor actually diagnosed his leg pain as a condition mandating treatment. Moreover, there is certainly no assertion that the condition was "so obvious" that even a lay person would recognize the need for a doctor's treatment. The entirety of what plaintiff alleges about his condition in the Complaint was that his leg was "hurting me a while now." *See* ECF No. 1 at 4. Plaintiff does not even detail the

4

severity of the pain.  Certainly his own conduct and written comments towards the nurse at the initial time also belie any claim that he was suffering from an acute serious medical condition mandating immediate care or deliberate indifference to a serious medical need.  Accordingly, the Court finds this objection without merit.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R & R, objections to the R & R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** *without prejudice* and without service of process.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
April 7, 2014